IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE HAMILTON, | 1:08-cv-01967-OWW-GSA-PC |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| LARA, et al., | ( #24) |
| Defendants. | |

On September 29, 2010, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1    Plaintiff submits evidence that he has contacted several attorneys in an attempt to secure
2 representation, without success.  (Exhibits to Motion.)  Plaintiff requests the Court to appoint
3 Charles Carbone, an attorney in San Francisco, California, to represent him.
4    In the present case, the court does not find the required exceptional circumstances to
5 appoint counsel.  Even if it is assumed that plaintiff is not well versed in the law and that he has
6 made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
7 This court is faced with similar cases almost daily.  Based on a review of the record in this case,
8 the court does not find that plaintiff cannot adequately articulate his claims, despite plaintiff's
9 assertions that his health is failing.  Id.  Moreover, with regard to the appointment of attorney
10 Charles Carbone, plaintiff has not indicated whether he contacted Mr. Carbone to determine
11 whether Mr. Carbone is willing to represent plaintiff in the present action.
12    For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY
13 DENIED, without prejudice.
14    IT IS SO ORDERED.
15    Dated:   **October 7, 2010**           /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE