# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

EUGENE HAMILTON,                                    1:08-cv-01967-OWW-GSA-PC

               Plaintiff,              FINDINGS AND RECOMMENDATION,
                                                    RECOMMENDING THAT DEFENDANTS'
    v.                                            MOTION TO DISMISS FOR FAILURE TO
                                                    EXHAUST BE GRANTED
LARA, et al.,                                       (Doc. 21.)

              Defendants.             OBJECTIONS, IF ANY, DUE IN THIRTY
                                                    DAYS

_____/

## I.    BACKGROUND

       Eugene Hamilton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff commenced this action on December 29, 2008.  (Doc. 1.)  This action now proceeds on the original Complaint, against defendants Guerrero[1] and Arenivas ("Defendants"), for excessive force in violation of the Eighth Amendment.[2]  (Doc. 31.)

       On September 8, 2010, Defendants filed a motion to dismiss this action for failure to exhaust administrative remedies and for failure to state a claim.  (Doc. 21.)  Plaintiff filed an opposition on

---

[1]Plaintiff spelled defendant's last name as Gurrero in the Complaint.  (Doc. 1.)  Defendants corrected the spelling to Guerrero in their motion to dismiss.  (Doc. 21.)

[2]On August 9, 2010, the Court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim.  (Doc. 19.)

1

September 29, 2010, and Defendants filed a reply on October 1, 2010.  (Docs. 25, 26.)  Defendants'

motion is now before the Court.

## II.    PLAINTIFF'S CLAIMS AND ALLEGATIONS[3]

On January 2, 2008, when transporting Plaintiff from Mercy Hospital to Corcoran State

Prison ("CSP"), Defendants Correctional Officers ("C/Os") Guerrero and Arenivas maltreated

Plaintiff, violently ripped off his clothing, violently put paper boxer shorts on him, violently

grabbed him by the waist to throw him into a wheelchair, and dropped Plaintiff onto his knees.

Defendant Guerrero also placed handcuffs and a waist chain on Plaintiff, applying extra pressure

to harm Plaintiff.  Plaintiff brings claims against Defendants Guerrero and Arenivas for use of

excessive force, in violation of the Eighth Amendment.

## III.    UNENUMERATED RULE 12(b) MOTION TO DISMISS FOR FAILURE TO EXHAUST

### A.    Statutory Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be

brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners must complete the

prison's administrative process, regardless of the relief sought by the prisoner and regardless of

the relief offered by the process, as long as the administrative process can provide some sort of

relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).  "Proper

exhaustion[, which] demands compliance with an agency's deadlines and other critical

procedural rules . . . ." is required, Woodford v. Ngo, 548 U.S. 81, 90 (2006), and may not be

satisfied "by filing an untimely or otherwise procedurally defective . . . appeal."  Id. at 83-84.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

defense under which defendants have the burden of raising and proving the absence of

exhaustion.  42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 215-16 (2007); Wyatt v.

---

[3]This summary includes Plaintiff's claims in the Complaint against Defendants Guerrero and Arenivas found cognizable by the Court on June 14, 2010, and Plaintiff's related allegations, upon which this case now proceeds.  (Doc. 12.)

1  Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003.).  "[A] defendant must demonstrate that pertinent

2  relief remained available, whether at unexhausted levels of the grievance process or through

3  awaiting the results of relief already granted as a result of that process." Id. at 936-37.

4  Therefore, if some remedy is available, Plaintiff has not exhausted his remedies.

5      The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is

6  subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt,

7  315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365,

8  368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust

9  administrative remedies, the Court may look beyond the pleadings and decide disputed issues of

10  fact. Wyatt, 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust

11  administrative remedies, the proper remedy is dismissal without prejudice. Id.

12  **B.    CDCR's Administrative Grievance System**

13      The Court takes judicial notice of the fact that the California Department of Corrections

14  and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints.

15  Cal. Code Regs., tit. 15 § 3084.1 (2007).  The process is initiated by submitting a CDC Form

16  602. Id. at § 3084.2(a).  Appeals must be submitted within fifteen working days of the event

17  being appealed, and the process is initiated by submission of the appeal to the informal level, or

18  in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6©.  Four levels of appeal

19  are involved, including the informal level, first formal level, second formal level, and third

20  formal level, also known as the "Director's Level." Id. at § 3084.5.  In order to satisfy §

21  1997e(a), California state prisoners are required to use this process to exhaust their claims prior

22  to filing suit.  Woodford, 548 U.S. at 85; McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th

23  Cir. 2002).

24  **C.    Defendants' Position**

25      Defendants argue that Plaintiff's case should be dismissed because Plaintiff failed to

26  exhaust his administrative remedies for his Eighth Amendment claim before filing this action.

27  Defendants argue that Plaintiff did not obtain, or even seek to obtain, a Director's Level decision

28  on any claims against Defendants Guerrero or Arenivas for excessive force.  Defendants submit

3

1   evidence via a declaration by D. Foston, Chief of the Inmate Appeals Branch ("IAB") for the

2   CDCR.  IAB's records disclose that before December 27, 2008, while housed at CSP, Plaintiff

3   only submitted four appeals that were accepted for Director's Level Review.  (Foston Decl., Doc.

4   21-2 at ¶3.)  During that same time period, Plaintiff also submitted two appeals that were

5   screened out by the IAB as deficient.  (Id. at ¶7.)  None of Plaintiff's appeals submitted at the

6   Director's Level concerned the Defendants or Plaintiff's excessive force claims against them.

7   (See Id.)

8        **D.**    **Plaintiff's Opposition**

9        The Court looks to Plaintiff's opposition and verified Complaint.[4]  Plaintiff claims that

10  conduct by CDCR employees caused administrative remedies to be unavailable to him.  In the

11  Complaint, Plaintiff asserts that he "exhausted all administrative remedies that weren't retaliation

12  obstructed."  (Cmp., Doc. 1 at 2 ¶II.)  Plaintiff declares that on January 3, 2008, Plaintiff gave

13  C/O Braswell confidential mail addressed to Warden Derral Adams, containing a Form-602

14  inmate grievance against C/O Guerrero and C/O Arenivas for using excessive force against

15  Plaintiff.  (Pltf. Affidavit, Doc. 25 at 9; Cmp. at 51.)  C/O Braswell "suppressed" the Form-602

16  grievance.  (Pltf. Affidavit at 9; Cmp. at 52.)  On January 29, 2008, not having received notice

17  that the Form-602 grievance was filed, Plaintiff served a memorandum upon Warden Derral

18  Adams, Director of Corrections Tipton, and Yates, "imploring the filing of the complaint."  (Pltf.

19  Affidavit at 9 and Exh. I; Cmp. at 52.)  On February 6, 2008, Plaintiff "submitted a duplicate

20  January 3, 2008 CDCR 602 form complaint directly to [] D. Adams, Warden."  (Pltf. Affidavit at

21  9; Cmp. at 52.)  On March 26, 2008, not having received notice of the filing of the duplicate

22  complaint, Plaintiff sent a memorandum to Warden Derral Adams, Director of Corrections

23  Tipton, and Attorney General J. Brown, informing them of the 602 grievance he submitted to

24  C/O Braswell on January 3, 2008.  (Pltf. Affidavit at 9 and Exh. J; Cmp. at 52.)  On April 7,

25  2008, Appeals Coordinator L. Cano "retaliatorily refused to file the January 3, 2008 duplicate

26

27       [4]In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond
the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  Plaintiff signed the Complaint under

28  penalty of perjury. (Doc. 1.)  Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the
evidence in his verified Complaint.  Plaintiff's affidavit in support of his opposition is also verified and therefore
constitutes admissible evidence.  (Doc. 25 at 1-10.)

complaint as being time barred." (Pltf. Affidavit at 9 and Exh. H; Cmp. at 53.)  Plaintiff argues that Cano also retaliated against him when Cano disregarded the memorandums Plaintiff sent to the Warden and other authorities.  (Cmp. at 53.)  Plaintiff argues that Cano, Adams, Tipton, and Braswell's conduct caused the process for exhaustion of administrative remedies to be unavailable to Plaintiff. (Id.)

**E.   Defendant's Reply**

In their reply, Defendants argue that Plaintiff's submission of the duplicate complaint dated January 3, 2008, was untimely, as stated in the appeals coordinator's response. Defendants re-assert that Plaintiff failed to properly follow the administrative process, and therefore failed to exhaust his administrative remedies before filing suit.

**F.   Discussion**

Plaintiff does not challenge Defendants' evidence that he did not obtain a Director's Level decision on any claims against Defendants Guerrero or Arenivas for excessive force. However, a Director's Level response is not necessary to satisfy the exhaustion requirement, and the mere absence of a Director's Level response does not entitle Defendants to dismissal of this action.  Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available.").  Therefore, the issue here is whether Plaintiff exhausted all of the remedies available to him.

The excessive force event alleged by Plaintiff against Defendants Guerrero and Arenivas occurred on January 2, 2008.  (Cmp. at 45.)  The CDCR's process for prisoner complaints is properly initiated by submitting a CDC Form 602 to the appeals coordinator at the institution within fifteen working days of the event being appealed.  Cal. Code Regs., tit. 15  §§ 3084.2(a), 3084©, 3084.6©.  Therefore, to properly initiate the appeals process for the excessive force incident, Plaintiff was required to submit an appeal to the appeals coordinator within fifteen days of January 2, 2008.   Instead, Plaintiff submitted an appeal to Warden Adams via C/O Braswell on January 3, 2008. (Pltf. Affidavit at 9; Cmp. at 51.)  By submitting the appeal to the Warden

1    instead of the appeals coordinator, Plaintiff failed to follow the proper procedure.  Even if C/O

2    Braswell somehow "suppressed" the grievance, as Plaintiff asserts, Plaintiff failed to follow the

3    proper procedure when he submitted the grievance to the Warden.  (Pltf. Affidavit at 9; Cmp. at

4    52.)

5         Plaintiff then proceeded to send letters and memorandums to the Warden, the Director of

6    Corrections, and other authorities, requesting that his appeal be filed, and Plaintiff sent a

7    duplicate of the January 3, 2008 appeal to Warden Adams.  (Pltf. Affidavit at 9 and Exh. H-I;

8    Cmp. at 52.)  Plaintiff argues that Warden Adams and Director of Corrections Tipton caused the

9    administrative process to be unavailable to him, because they did not respond to his letters and

10   memorandums.  Plaintiff's communications to the Warden and the Director of Corrections

11   neither excused Plaintiff's failure to properly submit the appeal, nor relieved him from

12   proceeding through all the steps in the grievance process.  See Woodford, 548 U.S. at 91, 93

13   (exhaustion under the PLRA requires "compliance with an agency's deadlines and other critical

14   procedural rules"); Wilson v. Wann, No. CIV S-06-1629 GEB KJM P, 2008 WL 4166886, at *2

15   (E.D.Cal. Sept.8, 2008) (plaintiff's letters to the Office of the Inspector General, Office of

16   Internal Affairs and the Warden were insufficient to show exhaustion).

17       Plaintiff then submitted a duplicate of the January 3, 2008 appeal to the appeals

18   coordinator, on April 7, 2008.  (Pltf. Affidavit at 9 and Exh. H; Cmp. at 53.)  Plaintiff argues that

19   the appeals coordinator prevented him from completing the appeals process because he

20   improperly rejected the duplicate appeal.  Evidence shows the appeal was returned to Plaintiff, in

21   part, as untimely because it was submitted more than two months after the fifteen-day deadline.

22   (Pltf. Affidavit, Exh. H.)  Under the regulations, "[a]n appeal may be cancelled" if the "[t]ime

23   limits for submitting the appeal are exceeded."  Cal. Regs. tit. 15 § 3084.6(c)(4).  Therefore, the

24   appeals coordinator properly rejected the duplicate appeal.  After rejecting the appeal, the appeals

25   coordinator instructed Plaintiff, in the April 7, 2008 written response, to "provide[] an

26   explanation why you have failed to meet time constraints pursuant to CCR 3084.6©," and

27   informed Plaintiff that "[o]nce you have followed instructions [to] resubmit your appeal[,] it will

28   be referred . . . for review."  (Pltf. Affidavit, Exh. H.)  There is no evidence that Plaintiff

followed up by resubmitting the appeal for further review as he was instructed.

Based on the evidence, Plaintiff failed to follow the appeals procedure that was available to him. Inmates must file their grievance claims and appeals in the place, at the time, and in the manner the administrative rules require. <u>Woodford</u>, 548 U.S. at 94. Plaintiff failed to properly initiate the appeals process by submitting a timely appeal to the appeals coordinator, and he failed to properly follow up after his duplicate appeal was rejected. The Court finds that Plaintiff failed to comply with the CDCR's procedural rules to complete the appeals process before filing suit, and he did not otherwise satisfy the exhaustion requirement under § 1997e(a) before filing this lawsuit. Therefore, Defendants are entitled to dismissal of this action.

**IV.    MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants also bring a motion to dismiss this action under Rule 12(b)(6) based on Plaintiff's failure to state a claim. Based on the Court's finding that Plaintiff did not exhaust the available administrative remedies prior to filing suit, the Court does not reach Defendants' other arguments. <u>See</u> <u>Perez v. Wisconsin Dept. of Corrections</u>, 182 F.3d 532, 534 (7th Cir. 1999) (vacating judgment and remanding with instructions to dismiss for failure to exhaust in case where district court granted summary judgment to defendants on the merits and did not rule on their pending motion for dismissal based on failure to exhaust).

**V.    CONCLUSION AND RECOMMENDATION**

Defendants have met their burden of demonstrating that Plaintiff failed to exhaust his remedies prior to filing suit, in compliance with § 1997e(a), and Plaintiff has not submitted evidence of appeals that satisfy the exhaustion requirement. The Court finds that Plaintiff failed to exhaust the administrative remedies made available to him before filing suit. Therefore, Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed September 8, 2010, be GRANTED, and this action be dismissed in its entirety without prejudice.

These Findings and Recommendation will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within thirty (30) days after being served with a copy of these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document

should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The

parties are advised that failure to file objections within the specified time may waive the right to

appeal the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:     **June 16, 2011**                                    /s/ **Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE